J-S43021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEE THOMPSON | |
| Appellant | No. 1870 WDA 2019 |

Appeal from the PCRA Order entered November 15, 2019
In the Court of Common Pleas of Cambria County
Criminal Division at No: CP-11-CR-0002174-2004

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 21, 2020**

Appellant, James Lee Thompson, appeals *pro se* from the order entered November 15, 2019 in the Court of Common Pleas of Cambria County, dismissing his (second) petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  Upon review, we affirm.

On May 19, 2005, a jury convicted Appellant of first degree murder in connection with the shooting death of a Johnstown man on the night of June 27 and June 28, 2004.  Appellant was sentenced to life imprisonment without parole on July 12, 2005.  On January 12, 2007, our Court affirmed the judgment of sentence.  No further appeal was taken.  ***See Commonwealth v. Thompson***, No. 2227 WDA 2005, unpublished memorandum (Pa. Super.

_____

[1] The instant petition was filed on October 21, 2019.

January 12, 2007) (direct appeal); *Commonwealth v. Thompson*, No. 1493 WDA 2008), unpublished memorandum (Pa. Super. February 19, 2010) (first PCRA petition).

On appeal Appellant argues that under *Commonwealth v. Ford*, 217 A.3d 824 (Pa. 2019),[2] the sentencing court, at the time of sentencing, should have determined Appellant's ability to pay a non-mandatory fine before imposing such a fine as part of Appellant's sentence. Having failed to do so, Appellant argues his sentence is illegal.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa.

---

[2] In *Ford*, our Supreme Court held that "the plain language of [Section 9726(c) of the Sentencing Code] is clear: trial courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them." *Ford*, 217 A.3d at 829.

2006) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

Based on the foregoing, before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > . . .
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). As noted above, Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final at the expiration of the 30-day period to appeal to the Supreme Court of Pennsylvania. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from February 12, 2007 to file his PCRA petition, the current filing, which was filed on October 21, 2019, is facially untimely.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA.

- 4 -

Appellant argues that our Supreme Court's decision in **Ford** constitutes a newly discovered fact for purposes of Section 9545(b)(1)(ii).[3]  In reaching said conclusion, Appellant argues that the PCRA court's reliance on **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011),[4] for the proposition that

_____

[3] The newly-discovered fact exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence.  **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017).

[4] In **Watts**,

> Watts's direct appeal was dismissed in 2002 because counsel failed to file a docketing statement.  Within 60 days of learning of the dismissal in August 2003, Watts filed a PCRA petition seeking reinstatement of his direct appeal rights _nunc pro tunc._ [**Watts**, 23 A.3d at 981].  The PCRA court dismissed the petition as untimely, and this Court affirmed in August 2005, noting that Watts did not exercise due diligence in determining the status of his appeal.  **Id.** at 982.  Watts did not seek review of our decision by our Supreme Court.  In 2007, Watts filed a second PCRA petition, again alleging attorney abandonment, but claiming that his petition met the timeliness exception of section 9545(b)(1)(ii) because it was filed within 60 days of [**Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (in **Bennett**, our Supreme Court found that attorney abandonment may constitute a factual basis for the section 9545(b)(1)(ii) timeliness exception)]. [**Watts**, 23 A.3d at 982].  The PCRA court dismissed the petition as untimely, this Court reversed, and our Supreme Court reversed us, holding that the PCRA court properly dismissed Watts' second PCRA petition.  The Court held that the **Bennett** decision was not a fact upon which Watts could rely in meeting the timeliness exception of section 9545(b)(1)(ii).  **Id.** at 986.  The factual predicate of Watts' claim was his counsel's abandonment, which Watts discovered in 2003, within the one-year PCRA deadline.  As such, the abandonment could not serve to satisfy section 9545(b)(1)(ii) for a petition filed in 2007.  **Id.**

**Commonwealth v. Huddleston**, 55 A.3d 1217, 1221 (Pa. Super. 2012).

subsequent decisional law does not amount to a new "fact" under Section 9545(b)(1)(ii), was misplaced as ***Watts*** was incorrectly decided by the Supreme Court.

Appellant engages in a lengthy dissertation on the operation of several federal and state decisions dealing with what constitutes a "new rule" and under what circumstances a new rule is applicable to cases on collateral review. Appellant's dissertation might have had some relevancy in the context of a Section 9545(b)(1)(iii) analysis. However, Appellant is not arguing that he met Section 9545(b)(1)(iii). Appellant specifically, repeatedly, and solely argues that he met Section 9545(b)(1)(ii). Appellant fails, however, to address whether ***Ford*** constitute a "newly discovered fact" for purposes of Section 9545(b)(1)(ii), except for criticizing ***Watts*** as incorrectly decided.

***Watts***, however, despite Appellant's criticism, controls the issue raised by Appellant, *i.e.*, whether a judicial opinion constitutes a fact for purposes of Section 9545(b)(1)(ii). In ***Watts***, the Supreme Court explained the distinction between law and fact as follows:

> Black's Law Dictionary explains the distinction thusly: 'Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule.' Put another way 'A 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law.' Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

***Watts***, 23 A.3d at 986-87.

Applying the foregoing analysis to the matter at hand, we conclude that ***Ford*** is not a "fact" for purposes of Section 9545(b)(1)(ii). The event that prompted ***Ford***, *i.e.*, failure to hold a hearing, is the fact relevant for purposes of Section 9545(b)(1)(ii). Appellant, however, was fully aware of that fact since the day of sentencing (July 12, 2005), yet he failed to act upon it.

Accordingly, because ***Ford*** does not constitute a "newly discovered fact" for purposes of Section 9545(b)(ii), we agree with the PCRA court that the instant PCRA is untimely.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2020</u>